OPINION
{¶ 1} This appeal arises from the Ashtabula Court of Common Pleas' refusal to grant an evidentiary hearing on Jay Delmonico's ("appellant") petition for postconviction relief. For the reasons below, we affirm.
 {¶ 2} On June 23, 2001, a garage fire was reported at 5601 Adams Avenue in Ashtabula, Ohio. After extinguishing the fire, firefighters discovered certain unusual chemicals in the garage which fire personnel believed were related to the production of methamphetamine. The firefighters alerted the Ashtabula Police Department and Detective Taylor Cleveland was dispatched to the scene to investigate the chemicals. Upon his arrival, Detective Cleveland confirmed that the materials were known to be used in the manufacture of methamphetamine. Investigators from the Ashtabula Fire Department, the State Fire Marshal's Office, the United States Drug Enforcement Agency ("DEA"), and the Ohio Bureau of Criminal Identification and Investigation ("BCI") were contacted and arrived at the scene to assist in the investigation.
 {¶ 3} During the early stages of the investigation, Detective Cleveland interviewed three individuals who were found inside the house adjacent to the garage: Ray Phelps, the owner of the property and resident of the house, appellant, who was also resident, and another individual not involved in the investigation. Phelps signed a consent form giving the detective permission to search the house for any additional evidence of methamphetamine production. As he expected the investigation to involve the entire home, Detective Cleveland asked Phelps and appellant to remain outside; the men cooperated with Cleveland's request and agreed to draft separate statements regarding the events of that evening.
 {¶ 4} During the search of the house, police found evidence of a "marijuana grow operation," but no marijuana. The officers also discovered several guns and a small plastic bag containing a white residue which lab technicians were unable to identify. In the basement, Cleveland discovered a Pyrex beaker resembling other beakers located in the burnt garage. The beaker contained a residue similar to that found on certain items within the garage; Cleveland believed the beaker was related to methamphetamine production and noted its location for proper evidentiary collection.
 {¶ 5} Detective Cleveland received Phelps's and appellant's statements and advised the men that they were free to re-enter their residence as the investigation would likely continue for some time.[1] However, the detective specifically instructed the men not to touch anything in the house as evidence had not been completely collected.
 {¶ 6} In discussing his statement, appellant informed Detective Cleveland that one Richard Prinkey occasionally lived in the second floor of the garage. Appellant communicated his suspicion that Prinkey was involved in certain criminal activity such as dealing methamphetamines from the garage. The detective contacted Prinkey who admitted that he ran the methamphetamine lab; Prinkey did not implicate Phelps or appellant in the operation.
 {¶ 7} Detective Cleveland ultimately advised a DEA agent of the glass beaker in the basement. However, when the men arrived in the basement, the beaker was missing. The detective located Phelps and Appellant in the house and questioned them about the missing beaker. At trial, the issue of whether appellant was Mirandized was not explored and neither the trial nor appellate records positively demonstrate that appellant was or was not issued Miranda warnings. Ultimately, appellant confessed "he had taken the beaker and that he had smashed it and thrown it in the garage." Appellant stated he "knew what the beaker was used for" and "didn't want it in the house." Detective Cleveland testified that he intended to check the beaker for fingerprints which might implicate others in the production of methamphetamine; however, as the beaker was smashed, no fingerprints could be pulled from its remains.
 {¶ 8} Appellant was arrested and indicted on one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree. Appellant's trial counsel filed a proper request for discovery under Crim.R. 16 and a Request for Notice of Intent to Use Evidence under Crim.R. 12. The prosecution responded by providing various statements and documents, including a field report filed by Detective Cleveland. The documents and statements indicated that the state intended to introduce evidence of appellant's oral confession in his home. Trial counsel filed no motion to suppress and the matter was set for a jury trial. On December 2, 2002, after a short trial, the jury convicted appellant. The trial court subsequently sentenced appellant to a four year term of incarceration.
 {¶ 9} Appellant appealed his conviction and took issue with his trial counsel's failure to file a motion to suppress his confession. Appellant maintained this omission rendered counsel's representation ineffective. In response, the state argued the record was devoid of any exploration of the Miranda issue and appellant could point to no record evidence that he was not Mirandized. Without any evidence to support his claim thatMiranda warnings were omitted, the state concluded appellant's argument must fail. Appellant's direct appeal is currently pending with this court.
 {¶ 10} On August 8, 2003, appellant filed a petition for postconviction relief. Appellee filed its motion to dismiss appellant's petition on August 21, 2003. On April 12, 2004, after a series of additional pleadings were filed, the trial court rendered its judgment entry noting that appellant's argument in his petition for postconviction relief is the same as that raised in his direct appeal. The trial court determined that appellant was barred by the doctrine of res judicata from raising the same issue again in a petition for postconviction relief. Thus, the trial court dismissed appellant's petition without a hearing.
 {¶ 11} On May 12, 2004 appellant filed the current appeal assigning one error for our review:
 {¶ 12} "Appellant Jay Michael Delmonico was denied Due Process of Law for failure of the Trial Court to Grant hearing [sic] and presentation of evidence to establish on post-conviction ineffective assistance of counsel when his appointed counsel failed to move to suppress a confession elicited by the sole witness for the prosecution by way of a hostile custodial interrogation conducted without proper Miranda warnings."
 {¶ 13} A criminal defendant attempting to challenge his conviction through a petition for postconviction relief is not entitled to a hearing simply by filing the petition. State v. Cole (1982), 2 Ohio St.3d 112, 113. The trial court has a duty to ensure that the petitioner adduces sufficient evidence to warrant a hearing. Id. Specifically, R.C. 2953.21(C) provides, in relevant part: "Before granting a hearing on a petition [for postconviction relief], the court shall determine whether there are substantive grounds for relief." Where a petitioner fails to set forth substantive grounds for relief, he or she has failed to adduce adequate evidence to warrant a hearing.
 {¶ 14} Further, the doctrine of res judicata precludes a defendant from raising, in a petition for postconviction relief, an ineffective assistance of counsel claim that was or could have been raised at trial or on direct appeal. Cole, supra. A claim is not barred by operation of res judicata to the extent a petitioner sets forth competent, relevant, and material evidence de hors the record. State v. Burgess, 11th Dist. No. 2003-L-069, 2004-Ohio-4395, at ¶ 11. To be genuinely relevant, the evidence dehors the record must materially advance the petitioner's claim and "meet some threshold standard of cogency." State v. Schlee (Dec. 31, 1998), 11th Dist. No. 97-L-121, 1998 Ohio App. LEXIS 6363, at 5. "In the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits `evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'" State v. Sopjack (Aug. 22, 1997), 11th Dist. No. 96-G-2004, 1997 Ohio App. LEXIS 3789, at 10, citing State v.Coleman (Mar. 17, 1993), 1st Dist. No. C-900811, 1993 Ohio App. LEXIS 1485, at 21.
 {¶ 15} In his brief, appellant recites precisely the same argument as that raised on his direct appeal. To wit, for the second time, appellant alleges his counsel's representation was deficient for failing to file what appellant characterizes as a meritorious motion to suppress his confession. Appellant contends his confession was coerced by the investigating officer during a custodial interrogation instigated without proper Miranda warnings. As the state's case against him was based solely upon the alleged coerced confession, appellant concludes he was prejudiced by his trial counsel's omission. Appellant adds:
 {¶ 16} "On direct appeal, the State argued that ineffective assistance was not established in the record. Accordingly, Mr. Delmonico sought establishment of the relevant facts through post-conviction petition [sic]. The Trial Court denied Mr. Delmonico the ability to even prove his assertions of ineffective assistance."
 {¶ 17} After reviewing the documentary evidence attached to appellant's petition, we believe appellant has failed to set forth relevant evidence dehors the record that would materially advance his claim. Appellant appended a copy of the trial transcript, a copy of Detective Cleveland's investigative report, and a copy of appellant's statement. While the report and statement are technically evidence outside the record, the substantive content of the documents provide no new information regarding either Cleveland's failure to issue Miranda
warnings or the nature and circumstances of the interrogation. In fact, appellant's petition is really nothing more than a bare recitation of his appellate brief filed in his direct appeal. As appellant's brief fails to set forth any reason as to why res judicata should not operate to bar his petition, his arguments fail to respond to the substantive legal issue on which the current appeal is based.
 {¶ 18} Appellant has failed to adduce any evidence dehors the record which would materially advance his claimed constitutional violation.[2]
Therefore, the trial court did not err in its determination that appellant's claim was barred by res judicata. Appellant's sole assignment of error is without merit.
 {¶ 19} For the above reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
Grendell, J., concurs, O'Neill, J., concurs in judgment only.
[1] The record indicates the entire investigation lasted for approximately fourteen hours.
[2] While not mandated by R.C. 2953.23, appellant could have filed an affidavit attesting to the veracity of his claimed Miranda violation and the nature of his purported detention. As it exists, appellant's petition for postconviction relief fails to illuminate any evidence dehors the record indicating Miranda warnings were not given. Without some evidence demonstrating this point, any further analysis is inconsequential.