OPINION
{¶ 1} Defendant-appellant, Allen S. Davis, appeals from a judgment of the Franklin County Court of Common Pleas denying his R.C. 2953.21
petition for post-conviction relief without a hearing. Because we lack jurisdiction due to the absence of a final appealable order, we dismiss this appeal.
 {¶ 2} On August 31, 2006, a Franklin County Grand Jury indicted appellant with five counts of felonious assault in violation of R.C. 2903.11. Each count also contained a firearm specification pursuant to R.C. 2941.145. The charges arose out of an incident at *Page 2 
appellant's house on the night of August 22, 2006, when appellant fired a rifle at a group of teenage girls. Appellant hit one of the girls, causing her serious injuries.
 {¶ 3} Appellant initially entered a not guilty plea to the charges. Before trial, his competency to stand trial and sanity at the time of the offenses were contested. The trial court ordered appellant to undergo a competency and sanity evaluation. Based upon that evaluation, the trial court found appellant competent to stand trial. Shortly before trial began, however, appellant's competency was again questioned. After another evaluation, the trial court again found appellant competent to stand trial.
 {¶ 4} After his trial began, appellant withdrew his not guilty plea and entered a guilty plea to two counts of felonious assault, both with firearm specifications. By judgment entry filed July 9, 2007, the trial court accepted appellant's guilty plea, found him guilty, and sentenced him to prison for a total of 19 years. Appellant did not appeal that judgment.
 {¶ 5} On February 4, 2008, appellant filed in the trial court a petition for post-conviction relief pursuant to R.C. 2953.21. He later filed an amended petition to assert an additional claim. Appellant presented three claims for relief: (1) his trial counsel was ineffective for failing to advise him of the mental state required to commit felonious assault and the defenses available to him; (2) his trial counsel was ineffective for failing to pursue a not guilty by reason of insanity defense; and (3) his guilty plea was not a knowing, voluntary, and intelligent decision because trial counsel inaccurately advised him of what would occur if he was found not guilty by reason of insanity and failed to advise him of the mental state required to commit felonious assault. The trial court denied appellant's claims for relief without a hearing. *Page 3 
 {¶ 6} Appellant appeals and assigns the following errors:
 [1.] The trial court's denial of Mr. Davis's postconviction petition, without granting leave to conduct discovery and without conducting an evidentiary hearing, was arbitrary and unreasonable because Mr. Davis demonstrated substantive grounds for relief, i.e., that he was deprived of his constitutional rights to due process and to the effective assistance of counsel, as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I
of the Ohio Constitution.
 [2.] Mr. Davis was deprived of his rights to the effective assistance of counsel and to due process when counsel unreasonably acquiesced in his client's wishes and abandoned a potentially meritorious not-guilty-by-reason-of-insanity defense that was supported by the extensive report of the court's psychological expert and by the facts of record, in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.
 [3.] Mr. Davis's guilty plea was not the result of a knowing, intelligent, and voluntary waiver of his constitutional rights, as it was not the product of a free and rational choice among the available alternatives. Therefore, his conviction and sentence violates Mr. Davis's rights to due process and to be free from self-incrimination under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.
 [4.] Mr. Davis was deprived of his rights to due process and the effective assistance of counsel when his counsel failed to advise him of a potentially meritorious defense. This violated Mr. Davis's rights to due process and to effective counsel under the Sixth, and Fourteenth Amendments to the United States Constitution, and Sections 10 and 16, Article I of the Ohio Constitution.
 [5.] Petitioner Allen Davis was denied his state and federal constitutional rights at trial, and the court below erred in summarily overruling Mr. Davis's postconviction petition without issuing findings of fact and conclusion of law demonstrating why a hearing on the petition was not warranted. *Page 4 
 [6.] Ohio's postconviction procedures, as applied to Mr. Davis's case, neither afford an adequate corrective process nor comply with due process and equal protection under the Fourteenth Amendment.
 {¶ 7} Because appellant's fifth assignment of error raises an issue that goes to this court's jurisdiction to hear his appeal, we address that issue first. Appellant contends that the trial court did not comply with R.C. 2953.21(C) because it dismissed his petition for postconviction relief without making findings of fact and conclusions of law. In part, we agree. Although the trial court effectively made findings of fact and conclusions of law in denying appellant's first two claims, the trial court failed to provide its rationale for denying appellant's third claim.
 {¶ 8} R.C. 2953.21(C) requires a trial court to make findings of fact and conclusions of law if the court dismisses a petition for postconviction relief without a hearing.[1] A decision that denies a petition for postconviction relief without findings of fact and conclusions of law is not a final appealable order. State ex rel.Ferrell v. Clark (1984), 13 Ohio St.3d 3; State v. Sapp, 2nd Dist. No. 2002-CA-8, 2002-Ohio-3922, ¶ 3. If an order is not final and appealable, we lack jurisdiction to review the matter and must dismiss the appeal.Davison v. Rini (1996), 115 Ohio App.3d 688, 692; Browder v. Shea, 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 11.
 {¶ 9} As the Supreme Court of Ohio noted in State v. Mapson (1982),1 Ohio St.3d 217, 219, important policy considerations underlie the requirement of findings of fact and conclusions of law. "The obvious reasons for requiring findings are `* * * to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate *Page 5 
courts to properly determine appeals in such a cause.'" Id., quotingJones v. State (1966), 8 Ohio St.2d 21, 22. "The existence of findings and conclusions are essential in order to prosecute an appeal. Without them, a petitioner knows no more than he lost and hence is effectively precluded from making a reasoned appeal. In addition, the failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." Id.
 {¶ 10} The findings of fact and conclusions of law should be clear, specific, and complete. State v. Brust (Nov. 20, 1995), 4th Dist. No. 95CA551. They should be comprehensive and pertinent to the issues presented, demonstrate the basis for the decision, and be supported by the evidence. State v. Calhoun (1999), 86 Ohio St.3d 279, 292. See alsoState v. McMullen, 12th Dist. No. CA2006-04-086, 2007-Ohio-125, ¶ 20
(findings of fact must be explicit enough to give the appellate court a clear understanding of the basis of the trial court's decision, and to enable it to determine the ground on which the trial court reached its decision); Brust. While the trial court need not specifically designate parts of its decision as "Findings of Fact" and "Conclusions of Law," the underlying rationale for the trial court's decision must be sufficiently clear to allow for meaningful appellate review. State v.Knott, 4th Dist. No. 03CA6, 2004-Ohio-510, ¶ 8; State v. Grigsby, 2nd Dist. No. 02CA16, 2003-Ohio-2823, ¶ 12-14.
 {¶ 11} In this case, the trial court did not expressly make "findings of fact" or expressly state "conclusions of law" in its decision. Notwithstanding, the trial court's decision clearly reflects its rationale for denying appellant's first two claims. *Page 6 
 {¶ 12} Regarding appellant's first claim, that his trial counsel was ineffective for failing to advise him of the mental state required to commit felonious assault and the defenses available to him, it is clear the trial court did not believe that appellant was unaware of the required mens rea and/or the potential defenses to felonious assault. In addition, the trial court found that appellant failed to show prejudice because he did not claim that if he had known the required mens rea and potential defenses to felonious assault, he would have proceeded to trial rather than plead guilty. Appellant only claimed that he would have negotiated a better plea.
 {¶ 13} With respect to appellant's second claim, that his trial counsel was "per se" ineffective for failing to pursue a not guilty by reason of insanity defense, the trial court noted that two doctors determined that appellant was competent to stand trial. Appellant repeatedly refused to allow his counsel to raise an insanity defense. Given these facts, the trial court concluded that it was appellant's decision not to pursue a not guilty by reason of insanity defense and that trial counsel was not ineffective for acceding to his client's wishes under these circumstances.
 {¶ 14} Therefore, with respect to appellant's first two claims, the rationale for the trial court's decision is sufficiently clear for meaningful appellate review. We reach a different conclusion regarding the trial court's decision to deny appellant's third claim.
 {¶ 15} In his third claim, appellant alleged, in part, that his trial counsel inaccurately advised him of the consequences of a successful not guilty by reason of insanity defense, and that such erroneous advice caused him to forego that defense and enter a guilty plea. The trial court's decision does not reflect its rationale for denying this claim. *Page 7 
 {¶ 16} In addressing appellant's third claim, the trial court noted that two psychologists found appellant competent to stand trial. This fact does not address whether appellant's guilty plea was knowing and voluntary if he received erroneous advice regarding the consequences of a successful not guilty by reason of insanity defense. The trial court then quoted extensively from appellant's plea hearing during which appellant stated that he would not pursue a not guilty by reason of insanity defense and agreed that he had been advised by his counsel. The trial court also quoted counsel's advice that appellant claims was erroneous. The trial court did not discuss whether it found the advice to be legally accurate or inaccurate. Nor did the trial court address whether appellant would have pled guilty if he had been properly advised.
 {¶ 17} The trial court notes near the end of its decision that this court, in rejecting appellant's motion for leave to file a delayed appeal, determined that appellant understood his appellate rights when he entered his guilty plea. Again, this fact does not address appellant's claim that his guilty plea was not knowing and voluntary because he received inaccurate legal advice from his trial counsel regarding the consequences of a successful not guilty by reason of insanity defense.
 {¶ 18} Because the trial court did not make sufficient findings of fact and conclusions of law in denying appellant's third claim, it did not comply with R.C. 2953.21(C). Accordingly, we lack jurisdiction to hear this appeal. State v. McKnight, 4th Dist. No. 06CA645,2006-Ohio-7104, ¶ 16 (decision denying petition for postconviction relief not final and appealable order where decision made sufficient findings of fact and conclusions of law for some claims but not for other claims). *Page 8 
 {¶ 19} Because the trial court has not issued a final appealable order, this case remains pending on the trial court's docket until such time as the trial court issues a final appealable order with sufficient findings of fact and conclusions of law for each of appellant's claims. See also Ferrell. Appellant's assignments of error are therefore rendered moot, and we dismiss his appeal.
Appeal dismissed.
FRENCH, P.J., and SADLER, J., concur.
[1] A trial court need not make such findings of fact or conclusions of law when it dismisses a petition as untimely or successive. State exrel. Kimbrough v. Greene, 98 Ohio St.3d 116, 2002-Ohio-7042, ¶ 6. *Page 1