[Cite as *State v. Bohanan*, 2016-Ohio-8340.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 15AP-1026 |
| v. | : | (C.P.C. No. 14CR-5517) |
| Manaro F. Bohanan, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 22, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Seth L. Gilbert*, for appellee. **Argued:** *Seth L. Gilbert.*

**On brief:** *Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant. **Argued:** *David L. Strait.*

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Manaro F. Bohanan, appeals the October 6, 2015 decision of the Franklin County Court of Common Pleas entering a judgment of conviction, pursuant to a jury verdict, and sentencing him. For the reasons that follow, we affirm the judgment of the trial court.

I. Facts and Procedural History

{¶ 2} On October 16, 2014, appellant was indicted for one count of aggravated robbery, in violation of R.C. 2911.01, a felony of the first degree, with a three-year gun specification, one count of robbery, in violation of R.C. 2911.02, a felony of the second degree, one count of robbery, in violation of R.C. 2911.02, a felony of the third degree, and one count of having weapons while under disability, in violation of R.C. 2923.13, a felony of the third degree. The indictment alleged that the crimes all occurred on February 3,

2014 at a Family Dollar store. On October 20, 2014, appellant pled not guilty to all charges.

{¶ 3} On December 23, 2014, appellant and plaintiff-appellee, State of Ohio, entered into an "Entry of Stipulation of Use of Polygraph" ("stipulation"). The stipulation indicated that appellant would take a polygraph examination performed by a "properly trained, experienced, and qualified" examiner who was employed by the Ohio State Highway Patrol. (Stipulation at ¶ 3.) The stipulation also stated that if the results were " 'inconclusive' as to deception or lack thereof on the part of the [Appellant]," the examination shall not be the subject of any testimony whatsoever. (Stipulation at ¶ 3.) The stipulation was signed by appellant, his attorney, and the prosecuting attorney.

{¶ 4} On August 17, 2015, prior to the commencement of trial, the trial court granted the state's motion to enter a nolle prosequi as to the two robbery counts. The case proceeded to a jury trial on the remaining charges.

{¶ 5} On August 19, 2015, the jury entered verdicts of guilty on both the aggravated robbery and having weapons while under disability charges. On September 24, 2015, the matter proceeded to sentencing. The trial court sentenced appellant to 5 years in prison on the aggravated robbery charge, plus 3 mandatory consecutive years as to the firearm specification to run concurrently with 12 months on the having a weapon while under disability charge, for an aggregate prison term of 8 years. On September 30, 2015, appellant filed a motion for new trial.

{¶ 6} A judgment entry memorializing the jury's verdict and appellant's sentence was filed on October 6, 2015.

{¶ 7} After having reviewed the parties' briefs and the court's trial notes, the trial court denied appellant's motion for a new trial on October 29, 2015 because there did not "appear to be any legitimate reason to grant a new trial." (Journal Entry at 2.)

## II. Assignment of Error

{¶ 8} Appellant appeals and assigns the following sole assignment of error for our review:

> Appellant was denied the effective assistance of counsel
> guaranteed by the Sixth and Fourteenth Amendments to the
> United States Constitution and Article I, Section 10 of the
> Ohio Constitution when trial counsel agreed to the admission
> of expert opinion concerning the results of the polygraph

examination of the Appellant when the testimony did not satisfy the standards of *State v. Souel*, 53 Ohio St.2d 123, 132 * * * (1978).

## III. Discussion

{¶ 9}   In his sole assignment of error, appellant argues he was rendered ineffective assistance of counsel.  Specifically, appellant contends that defense counsel agreed to a stipulation that did not satisfy the standards of *State v. Souel*, 53 Ohio St.2d 123 (1978).

{¶ 10} A convicted defendant alleging ineffective assistance of counsel must demonstrate that: (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable.  *State v. Galdamez*, 10th Dist. No. 14AP-527, 2015-Ohio-3681, ¶ 15, citing *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.

{¶ 11} "Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at paragraph 2(a) of the syllabus; *Bradley* at 142.  In Ohio, a properly licensed attorney is presumed competent. *State v. Davis*, 10th Dist. No. 13AP-98, 2014-Ohio-90, ¶ 20, citing *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 301 (1965).  Trial counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance.  *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998).  "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."  *State v. Griffin*, 10th Dist. No. 10AP-902, 2011-Ohio-4250, ¶ 42, quoting *Bradley* at paragraph three of the syllabus.

{¶ 12} The Supreme Court of Ohio has held that the results of polygraph examinations are admissible only for corroboration or impeachment purposes, and only where the parties observe certain prescribed conditions.  *In re D.S.*, 111 Ohio St.3d 361, 2006-Ohio-5851, ¶ 13, citing *Souel*.   In order for a polygraph examination to be admissible, the Supreme Court in *Souel* held that the parties must sign a written

stipulation which incorporates the following conditions, originally set forth in *State v. Valdez*, 91 Ariz. 274, 283-84 (1962):

> (1) That the county attorney, defendant and his counsel all sign a written stipulation providing for defendant's submission to the test and for the subsequent admission at trial of the graphs and the examiner's opinion thereon on behalf of either defendant or the state.
>
> (2) That notwithstanding the stipulation the admissibility of the test results is subject to the discretion of the trial judge, i.e. if the trial judge is not convinced that the examiner is qualified or that the test was conducted under proper conditions he may refuse to accept such evidence.
>
> (3) That if the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine the examiner respecting:
>
> a. the examiner's qualifications and training;
>
> b. the conditions under which the test was administered;
>
> c. the limitations of and possibilities for error in the technique of polygraphic interrogation; and
>
> d. at the discretion of the trial judge, any other matter deemed pertinent to the inquiry.
>
> (4) That if such evidence is admitted the trial judge should instruct the jury that the examiner's testimony does not tend to prove or disprove any element of the crime with which a defendant is charged but at most tends only to indicate that at the time of the examination defendant was not telling the truth. Further, the jury members should be instructed that it is for them to determine what corroborative weight and effect such testimony should be given.

*Souel* at 131-32.

{¶ 13} Here, appellant contends he was rendered ineffective assistance of counsel because the stipulation did not comply with *Souel*. The parties in this case agreed to the following stipulation language:

> By agreement of the Defendant, the Defendant's attorney and the Prosecuting Attorney, Attorney for the State of Ohio, certain understandings and stipulations have been reached and entered into by said parties, as hereafter follow:

1. The Defendant will submit to an examination process utilizing in part a device commonly known as a "polygraph" or "lie detector" which examination process may involve a series of interviews and tests employing such device.

2. The Prosecuting Attorney or his Assistant shall arrange all necessary appointments for such examination process hereinafter referred to as "polygraph testing" or simply, "testing".

3. The Prosecuting Attorney or his Assistant shall designate the person who will administer and conduct the testing of the Defendant, such person to be selected from those persons employed by the Ohio State Highway Patrol as properly trained, experienced, and qualified to conduct such testing.

4. Such person designated by the Prosecuting Attorney or his Assistant shall be permitted, if called as a witness by the State of Ohio or by the Defendant, to testify at trial in this cause as an "expert" regarding all aspects of the test administered, and such testimony shall be offered and received as evidence in the trial of this cause without objections of any kind by any party to this Agreement except as to the weight of evidence it is to be given. EXCEPTION: Should any person administering such test pursuant to this Entry determine the results of such test to be "inconclusive" as to deception or lack thereof on the part of the Defendant, then such "inconclusive" test shall not be the subject of any testimony whatsoever and this entire Entry of Stipulation of Use of Polygraph Test shall be set aside and held for naught.

5. The Defendant and his Attorney are under obligation to disclose to the examiner, prior to any testing, the charts of and questions asked of any prior polygraphs administered to this Defendant concerning this case, and any known condition which might affect the reliability of testing pursuant to this Entry; for example, the concealment of medication used by the Defendant shall be regarded as willful breach of this entry and shall be dealt with as provided in paragraph nine (9) of this Entry.

6. The person chosen to administer the testing may refuse to administer the test, if, in the judgment of such person, the Defendant is not deemed a proper subject for examination at the time of examination (e.g., the Defendant is or appears to be under the influence of a drug which might distort test results); in such a situation, the person chosen to administer

the examination process may determine whether reasonable delay of examination would permit a reliable test to be given and may conduct such test at the appropriate time. If, in the judgment of the person chosen to administer the examination process, the Defendant can, through no fault of his own, never be reliably tested, this Entry shall be set aside and held for naught.

7. Prior to signing this Entry, and agreeing thereby to submit to "polygraph testing", the Defendant has been fully advised of his constitutional and statutory rights, and by signing this Entry, he knowingly, intelligently, and voluntarily waives his right to remain silent and his right to seek advice of counsel during any stage of the administration of the polygraph test procedure. Admissions or other culpable statements made by the Defendant during "testing" shall be admissible and may be testified to during the trial of this case.

8. No testimony or other evidence concerning polygraph test or tests of the Defendant shall be received at any state [sic] of the trial of this case unless such test or tests had been conducted pursuant to this or any subsequent Entry.

9. It is further understood by all parties that upon signing this Entry of Stipulation of Use of Polygraph Test, permitting the results of such test to be introduced into evidence, all parties and their successors in interest (i.e., such other counsel as the State of Ohio or the Defendant may retain or employ or be represented by for the trial of this case) shall be mutually bound to the terms of said Entry. The willful refusal of any party to submit to or comply with any provision of this Entry shall be the proper subject of evidence and testimony to be adduced during the case in the trial of this case, and may further, in the Court's discretion, be punishable by additionally appropriate civil and/or criminal contempt remedies and procedures, except that the State of Ohio or the Defendant may withdraw from this Agreement as herein agreed at any time prior to the commencement of the test procedures in which event this Entry shall be set aside and held for naught.

10. It is further understood in keeping with normal testing procedure, that the polygraph examiner will hold in confidence any admissions or statements made by the Defendant which pertain to matters not under investigation.

> 11. Defendant acknowledges that multiple appointments and/or polygraph examinations may be necessary to complete the testing. Failure of Defendant to appear for all scheduled appointments and/or polygraph examinations **precludes use of any portion of the testing results by the Defendant at trial.**

(Emphasis sic.)

{¶ 14} Appellant specifically contends that the stipulation agreed to by the parties (1) does not permit the defense's involvement in the selection of the examiner, (2) does not require the state to submit graphs to the jury, (3) does not permit cross-examination of the examiner, and (4) deprives the trial court of discretion in admitting evidence. We disagree with each of appellant's arguments.

{¶ 15} First, appellant was involved in selecting the examiner. The stipulation, at ¶ 3, provides that the examiner must be employed by the Ohio State Highway Patrol and must be "properly trained, experienced, and qualified to conduct such testing." Furthermore, ¶ 9 ensures that if the state chose someone who did not fit this description, then the defense could have utilized the remedies set forth in that paragraph.

{¶ 16} Second, we reject appellant's argument that the stipulation violated *Souel* because it did not require the state to submit the examiner's graphs to the jury.[1] The *Souel* syllabus provides that "[i]f the graphs and examiner's opinion are offered in evidence the opposing party shall have the right to cross-examine." By phrasing the admission of the graphs in conditional terms—i.e., "if"—*Souel* contemplates that graphs must not be admitted in every case. Thus, the defense had the right to have the graphs admitted into evidence but chose not to pursuant to its trial strategy.

{¶ 17} Third, there is no indication that the stipulation limited the defense's ability to cross-examine the examiner. In ¶ 4, the stipulation permits the examiner to "testify at trial," which includes cross-examination. Furthermore, although ¶ 4 states that if offered, the examiner's testimony shall be "received as evidence in the trial of this cause without objections of any kind by any party to this Agreement," importantly it qualifies the statement as follows: "*except as to the weight of evidence it is to be given*." (Emphasis

---

[1] The state did present, and the court admitted, the polygraph examiner's Report of Investigation and the Empirical Scoring System. The latter exhibit contains appellant's "ESS Scores" on four different "Charts," as well as the "Sub-Totals" and "Grand Total" of these scores. At no point during trial did either the state or the defense seek to admit the examiner's graphs, and there are no graphs contained in the record.

added.)  We note as well that, at trial, the polygraph examiner was cross-examined by the defense.

{¶ 18}  Finally, we reject appellant's argument that the stipulation deprived the trial court of discretion in admitting evidence.  A trial court's discretion to admit or exclude evidence exists independently of the stipulation.  Moreover, *Souel* specifically states that the trial court's discretion to admit evidence exists "[n]otwithstanding the stipulation." *Id.* at syllabus.

{¶ 19}  Defense counsel's decision to stipulate to the admissibility of the polygraph examination is a matter of trial strategy.  *State v. J.G.*, 10th Dist. No. 08AP-921, 2009-Ohio-2857, ¶ 20, citing *State v. Gilfillan*, 10th Dist. No. 08AP-317, 2009-Ohio-1104, ¶ 65. We cannot use the benefit of hindsight to render counsel's strategic decision deficient just because defendant subsequently failed the polygraph examination.  *Id.*

{¶ 20}  The stipulation language relating to the selection and cross-examination of the examiner, submission of graphs, and discretion of the trial court is nearly identical to the corresponding language in the *Souel* stipulation.[2]  Since the stipulation in this case

---

[2] The stipulation in *Souel* was as follows:

> By agreement among the defendant, the defendant's counsel, and counsel for the State of Ohio, certain understandings and stipulations have been reached and entered into by said parties, as hereafter follows:
>
> "1. The defendant will submit to an examination process utilizing in part, a device commonly known as a 'polygraph' or 'lie detector,' which examination process may involve a series of interviews and tests employing such device;
>
> "2. Counsel for the State of Ohio shall arrange all necessary appointments for such examination process hereinafter referred to as 'Polygraph Testing' or, simply, 'testing';
>
> "3. Counsel for the State of Ohio shall designate the person who will administer and conduct the testing of the defendant, such person to be selected from those persons employed by the Ohio State Patrol as properly trained, experienced and qualified to conduct such testing;
>
> "4. Such person designated by counsel for the State of Ohio shall be permitted if called as a witness by the State of Ohio or the Defendant, to testify at trial of this cause as an 'expert' regarding all aspects of the test administered, and such testimony shall be offered and received as evidence in the trial of this cause without objections of any kind by any party to this agreement except as to the weight of evidence it is to be given. EXCEPTION: Should any person administering such test pursuant to this Entry determine the results of such test to be 'inconclusive' as to deception,

or lack thereof, on the part of the defendant, then such 'inconclusive' test shall not be the subject of any testimony whatsoever and this entire 'Entry of Stipulation of Use of Polygraph Test' shall be set aside and held for naught;

"5. The defendant and his counsel are under obligation to disclose prior to any testing, any known condition which might affect the reliability of testing pursuant to this Entry; for example, the concealment of medication used by the defendant shall be regarded as a willful breach of this Entry and shall be dealt with as provided in paragraph 9 of this Entry;

"6. The person chosen to administer the testing may refuse to administer the test, if, in the judgment of such person the defendant is not deemed a proper subject for examination at the time of examination (e.g., the defendant is or appears to be under the influence of a drug which might distort test results); in such situation, the person chosen to administer the examination process may determine whether reasonable delay of examination would permit a reliable rest [sic test] to be given and may conduct said test at the appropriate time. If, in the judgment of the person chosen to administer the examination process, the defendant can, through no fault of his own, never be reliably tested, this Entry shall be set aside and held for naught;

"7. Prior to signing this Entry and agreeing thereby to submit to 'Polygraph Testing,' the defendant has been fully advised of his constitutional and statutory rights, and by signing this Entry, he knowingly, intelligently, and voluntarily waives his right to remain silent and his right to seek advice of counsel during any stage of the administration of the polygraph test procedure. Admissions or other inculpatory statements made by the defendant during 'testing' shall be admissible and may be testified to during the trial of this cause.

"8. No testimony or other evidence concerning polygraph test or tests of the defendant shall be received at any stage of the trial of this cause unless such test or test[s] had been conducted pursuant to this or any subsequent Entry.

"9. It is further understood by all parties that upon signing this Entry of Stipulation of Use of Polygraph Test, permitting the results of such test to be introduced into evidence, all parties and their successors in interest (i.e. such other counsel as the State of Ohio or the defendant may retain or employ or be represented by for the trial of this cause) shall be mutually bound to the terms of said Entry. The willful refusal of any party to submit to or comply with any provision of this Entry shall be the proper subject of evidence and testimony to be adduced during the case in the trial of this cause, and may, further, in the Court's discretion, be punishable by additionally appropriate civil and/or criminal contempt remedies and procedures; except that the State of Ohio or the defendant may withdraw from this agreement as herein agreed at any time prior to the commencement of the test procedure in which event this Entry shall be set aside and held for naught;

"10. It is further understood, in keeping with normal testing procedure, that the polygraph examiner will hold in confidence any admissions or

appears to be in clear compliance with *Souel*, it is not necessary to analyze the second prong of the *Strickland* standard. Accordingly, appellant's trial counsel did not perform unreasonably by agreeing to a *Souel*-compliant stipulation.  Appellant's assignment of error is overruled.

## IV. Conclusion

{¶ 21} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

SADLER and BRUNNER, JJ., concur.

————————

statements made by the defendant which pertain to matters not under investigation."

(Emphasis sic.) *Id.* at fn. 1.