DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Sandusky County Court of Common Pleas. Appellant, Shaquale R. Woodhouse, appeals the denial of his petition for postconviction relief and asserts the following assignments of error:
 {¶ 2} "Assignment of Error No. I.
 {¶ 3} "The trial court erred in dismissing appellant's grounds for relief in the post-conviction petition when he presented sufficient operative facts and supporting evidentiary material to merit discovery and an evidentiary hearing."
 {¶ 4} "Assignment of Error No. II.
 {¶ 5} "The trial court erred when it denied petitioner's post-conviction [sic] him the opportunity to conduct discovery."
 {¶ 6} "Assignment of Error No. III.
 {¶ 7} "The trial court erred when it overruled appellant's two motions for funds to employ experts."
 {¶ 8} "Assignment of Error No. IV.
 {¶ 9} "The cumulative error of appellant's substantive claims merit reversal or remand for a proper post-conviction process."
 {¶ 10} On March 13, 2003, the Sandusky County Grand Jury issued an indictment charging appellant with four counts of aggravated murder; all are violations of R.C. 2903.01(B). Each count carried specifications that, if appellant was convicted, would warrant the imposition of the death penalty. He was also charged with one count of burglary, a violation of R.C.2911.12(A); one count of rape, a violation of R.C. 2907.02(A)(1); one count of abuse of a corpse, a violation of R.C. 2927.01(B); and one count of tampering with evidence. Appellant waived his right to a jury trial and chose to be tried by a three judge panel.
 {¶ 11} On August 28, 2003, appellant entered a plea of guilty to one count of aggravated murder, with a death penalty specification. Pursuant to a negotiated plea agreement, the remaining charges and specifications in the indictment were subsequently dismissed. The three judge panel, after engaging in the colloquy required by Crim.R. 11(C) and stating the terms of the negotiated plea on the record as required by Crim.R. 11(F), found appellant guilty of aggravated murder and the death penalty specification and imposed an agreed upon sentence of life in prison without the possibility of parole.
 {¶ 12} On December 3, 2003, appellant filed, pursuant to R.C.2953.21(A), a timely petition for postconviction relief. First, he claimed that his conviction was void or voidable due to ineffective assistance of his appointed trial counsel. He maintained that his counsel "totally ignored many important facts and evidence" that were proof of his innocence. Second, he argued that his conviction was void or voidable because appellee, the state of Ohio, violated his constitutional right to due process and a fair trial by withholding material, exculpatory "evidence relevant to the trial." Appellant offered no facts in support of these allegations. Appellant also filed a motion asking the trial court to appoint a criminal/forensic scientist and for the funds needed to employ this expert.
 {¶ 13} Appellee filed a motion to dismiss appellant's petition and, subsequently, a motion for summary judgment. Appellee contended that appellant failed to offer sufficient operative facts to create a genuine issue of material fact on the two claims raised in his complaint. Appellee therefore argued that the trial court could, pursuant to R.C. 2953.21(D) andState v. Jackson (1980), 64 Ohio St.2d 107, dismiss appellant's petition without holding an evidentiary hearing. Appellee filed a transcript of appellant's Crim.R. 11 hearing in support of its motion.
 {¶ 14} On February 18, the common pleas court granted appellee's motion for summary judgment and dismissed appellant's petition. The court concluded that appellant failed to submit any evidence, by means of affidavit, or otherwise, to warrant a hearing on his petition.
 {¶ 15} Appellant's Assignment of Error No. I asserts that the trial court erred in dismissing his petition for postconviction relief because he presented sufficient operative facts and evidentiary material to necessitate discovery and an evidentiary hearing.
 {¶ 16} To prevail on a petition for postconviction relief, the petitioner must demonstrate a denial or infringement of his rights in the proceedings that resulted in his conviction that rendered that conviction void or voidable under the Ohio Constitution or the United States Constitution. R.C.2953.01(A)(1)(a). In order to obtain a hearing on a petition for postconviction relief, the petitioner has the burden of establishing that there are substantive grounds for relief based upon the petition, supporting affidavits, and the files and records in the case. R.C. 2953.21(C), State v. Calhoun (1999),86 Ohio St.3d 279, paragraph two of the syllabus.
 {¶ 17} On the question of appellant's first claim for relief, normally he would be required to present facts and evidence showing that his trial counsel's performance was deficient in ignoring evidence of appellant's innocence and that this deficiency was prejudicial to appellant's case. Strickland v.Washington (1984), 466 U.S. 668,687. However, a guilty plea waives the right to claim that one was prejudiced by constitutionally ineffective assistance of counsel except to the extent that such ineffective assistance made the plea less than knowing and voluntary. State v. Barnett (1991),73 Ohio App.3d 244,249. See, also, State v. Kelley (1991), 57 Ohio St.3d 127, paragraph two of the syllabus.
 {¶ 18} In the case under consideration, appellant neither offered evidentiary facts to support the self-serving assertion that trial counsel ignored proof of appellant's innocence nor presented any evidence to show that counsel's alleged deficiencies in this regard affected the voluntary and knowing entry of his guilty plea. Accordingly, the trial court did not err in failing to hold an evidentiary hearing on appellant's claim of ineffective assistance of counsel.
 {¶ 19} As to his second ground for postconviction relief, appellant argued that appellee did not comply with Crim.R. 16(f) by failing to disclose any exculpatory evidence. Again, appellant did not offer any facts or evidence to support this allegation. To the contrary, the transcript of the guilty plea hearing reveals that the trial court asked appellant's lead counsel whether he was satisfied with the discovery provided by the prosecution. Counsel replied that "[W]e received complete, open file discovery." The court then questioned the prosecutor on the issue of whether the state complied with the requirements of discovery imposed by law. The prosecutor replied that those requirements were satisfied. Based on the foregoing, we must again find that the trial court did not err in failing to hold a hearing on appellant's second claim for relief.
 {¶ 20} Accordingly, the trial court did not err in granting appellee's motion for summary judgment as a matter of law, see Civ.R. 56(C), and in dismissing appellant's petition for postconviction relief. Thus, appellant's Assignment of Error No. I is found not well-taken. Our disposition of this first assignment renders appellant's Assignments of Error Nos. II and III moot. Finally, because we concluded that the trial court committed no error in dismissing appellant's petition, appellant's Assignment of Error No. IV is found not well-taken.
 {¶ 21} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal. See App.R. 24.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., Concur.