[Cite as *State v. Hughes*, 2021-Ohio-4534.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 21AP-320 |
| | | (C.P.C. No. 17CR-4801) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Daiquan T. Hughes, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2021

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Sheryl L. Prichard,* for appellee.

**On brief:** *Daiquan T. Hughes,* pro se.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Daiquan T. Hughes, appeals from a judgment of the Franklin County Court of Common Pleas denying his post-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} In September 2018, Hughes pleaded guilty to one count of aggravated murder, a violation of R.C. 2903.01 and an unclassified felony, for shooting Brian Woodson to death on Halloween night 2016. The trial court imposed the jointly recommended prison sentence of 25 years to life. Hughes appealed, alleging the trial court's juvenile division lacked probable cause on which to bind him over to the trial court's general division. This court was unpersuaded and affirmed the trial court's judgment of conviction and sentence. *State v. Hughes*, 10th Dist. No. 18AP-837, 2019-Ohio-4590. Four months later, Hughes

moved to withdraw his guilty plea pursuant to Crim.R. 32.1.  In May 2021, the trial court denied Hughes' motion.

{¶ 3}   Hughes timely appeals.

## II.  Assignments of Error

{¶ 4}   Hughes assigns the following errors for our review:

> [1.] The Trial Court Error by Enforcement of Defendant's Daiquan T. Hughes Guilty Plea in this action is Unconstitutional under both the Fourteenth Amendment Due Process in this action and the Ohio Constitution for the reason the plea was Coerced.

> [2.] The "Defendant-Appellant, Daiquan T. Hughes states his Guilty Plea as not knowingly, Intelligent, and Voluntary because it was Coerced, and the Trial Court was in Error by not allowing Appellant, Hughes to withdraw his Guilty Plea.

(Sic passim.)

## III.  Discussion

{¶ 5}   In his first and second assignments of error, Hughes alleges his constitutional rights were violated because his guilty plea was coerced and not knowingly, intelligently, and voluntarily entered.  Hughes generally contends the trial court erred in denying his motion to withdraw his guilty plea pursuant to Crim.R. 32.1.  These assignments of error are not well-taken.

{¶ 6}   Pursuant to Crim.R. 32.1, a "motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  Thus, a trial court may allow a post-sentence withdrawal of a guilty plea only to correct a manifest injustice.  *State v. Morris*, 10th Dist. No. 19AP-152, 2019-Ohio-3795, ¶ 11.  A defendant seeking a post-sentence withdrawal of a guilty plea bears the burden of establishing the existence of a manifest injustice.  *Id.*, citing *State v. Morgan*, 10th Dist. No. 12AP-241, 2012-Ohio-5773, ¶ 11.  The term " '[m]anifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.' "  *Morgan* at ¶ 10, quoting *State v. Williams*, 10th Dist. No. 03AP-1214, 2004-Ohio-6123, ¶ 5.

{¶ 7} The decision to grant or deny a motion to withdraw a guilty plea made under Crim.R. 32.1 rests within the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion. *Morris* at ¶ 12, citing *Morgan* at ¶ 11. An abuse of discretion connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). Thus, at issue in this appeal is whether the trial court abused its discretion in denying Hughes' motion to withdraw his guilty plea.

{¶ 8} In moving to withdraw his guilty plea, Hughes alleged his plea was not knowingly, intelligently, and voluntarily made because the trial court did not comply with Crim.R. 11, and because he was coerced into pleading guilty by his attorneys and others. He also claimed actual innocence. The trial court rejected these arguments and concluded that Hughes failed to demonstrate the existence of a manifest injustice. This conclusion was reasonable and supported by the record.

{¶ 9} First, insofar as Hughes alleged the trial court did not comply with Crim.R. 11 in accepting his guilty plea, that contention was barred by res judicata. Hughes could have but did not raise this issue in his direct appeal. "It is well-established that res judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal." *Morris* at ¶ 13; *State v. Taylor*, 10th Dist. No. 19AP-795, 2020-Ohio-4581, ¶ 12 ("[t]his court has consistently applied res judicata to bar a defendant from raising issues in a post-sentence Crim.R. 32.1 motion that were or could have been raised on direct appeal"), citing *State v. Mobley*, 10th Dist. No. 18AP-23, 2018-Ohio-3880, ¶ 14, citing *State v. Ikharo*, 10th Dist. No. 10AP-967, 2011-Ohio-2746, ¶ 11. Because a trial court's alleged noncompliance with Crim.R. 11 can be raised in a direct appeal, res judicata bars such a claim in a Crim.R. 32.1 motion to withdraw a guilty plea. *State v. Lowe*, 10th Dist. No. 14AP-481, 2015-Ohio-382, ¶ 11. Therefore, insofar as Hughes alleged the trial court did not comply with Crim.R. 11 in accepting his guilty plea, res judicata barred that claim.

{¶ 10} Second, to the extent Hughes' motion was not barred by res judicata, the trial court reasonably concluded that Hughes did not demonstrate manifest injustice. Other than Hughes' affidavit he submitted in support of the motion, the record does not support his claim of actual innocence or that he was coerced into pleading guilty. Hughes asserts

he entered an "*Alford* plea," a guilty plea with a contemporaneous protestation of innocence. *State v. Wise*, 5th Dist. No. 2021CA0001, 2021-Ohio-3190, ¶ 24, citing *North Carolina v. Alford*, 400 U.S. 25 (1970). But, at the plea hearing, Hughes did not assert his actual innocence; instead, he completely admitted guilt. A "defendant who has entered a guilty plea without asserting actual innocence is presumed to understand that he has completely admitted his guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19. Thus, the trial court reasonably found Hughes' new innocence claim to be contradicted by his prior statements and admission of guilt.

{¶ 11} Similarly, Hughes' self-serving claim that he was improperly forced into pleading guilty was also belied by the record. For example, in addressing the trial court's inquiry as to whether Hughes' plea reflected "panic" or was coerced, Hughes' counsel assured the trial court that he had discussed with Hughes the "strengths and weaknesses of the case," that Hughes had independently decided to plead guilty, and that Hughes' decision was being made with full understanding of the consequences and not "a reflex out of the fear posture." (Sept. 25, 2018 Tr. at 3.) Further, Hughes indicated to the trial court that his lawyers were not "twisting [his] arm," and that nothing else was improperly impairing his judgment in making his decision. (Tr. at 3.) He also indicated that no one pressured him into pleading guilty. Because Hughes' self-serving assertions in support of his motion to withdraw his guilty plea were inconsistent with the plea hearing transcript, the trial court reasonably rejected those assertions.

{¶ 12} For these reasons, we conclude the trial court did not abuse its discretion in overruling Hughes' post-sentence motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Accordingly, we overrule Hughes' first and second assignments of error.

## IV. Disposition

{¶ 13} Having overruled Hughes' first and second assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN, P.J., and JAMISON, J., concur.

————————————————