**[Cite as *State v. Reynolds*, 2025-Ohio-5813.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 23AP-558 |
| v. | : | (C.P.C. No. 20CR-5133) |
| Mark C. Reynolds, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

---

D E C I S I O N

Rendered on December 30, 2025

---

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Benjamin A. Tracy*, for appellee. **Argued:** *Benjamin A. Tracy.*

**On brief:** *Mitchell A. Williams*, Public Defender, and *Leon J. Sinoff*, for appellant. **Argued:** *Leon J. Sinoff.*

---

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} Defendant-appellant Mark C. Reynolds challenges the decision of the Franklin County Court of Common Pleas denying his motion to vacate guilty plea and to reinstate not guilty plea.

## I. Facts and Procedural History

{¶ 2} On October 30, 2020, plaintiff-appellee State of Ohio filed an indictment in the trial court, charging Reynolds with one count of kidnapping, a violation of R.C. 2905.01 and a felony of the first degree; one count of aggravated robbery, a violation of R.C. 2911.01 and a felony of the first degree; seven counts of felonious assault, violations of R.C. 2903.11 and felonies of the second degree; two counts of murder, violations of R.C. 2903.02 and

unclassified felonies; and one count of breaking and entering, a violation of R.C. 2911.13 and a felony of the fifth degree. Each of the 12 counts in the indictment also included a three-year firearm specification pursuant to R.C. 2941.145(A).

{¶ 3} On November 6, 2020, Reynolds filed a plea of not guilty. Following a series of continuances, on January 27, 2022, Reynolds filed a motion for permission to enter plea of not guilty by reason of insanity. On April 4, 2022, the trial court entered an order for Reynolds to submit to an evaluation of his mental condition at the time of the offense. The April 4, 2022 order additionally required the medical examiner to file a written report detailing the examiner's findings as to whether Reynolds, "at the time of the offense charged, did not know, as a result of a severe mental disease or defect, the wrongfulness" of the acts charged. Clinical psychologist Kristen E. Haskins, Psy.D., in a written report submitted to the trial court on May 31, 2022, concluded Reynolds at the time of the criminal acts indicted did not have a severe mental disease or defect and that a severe mental disease or defect did not prevent him from knowing the wrongfulness of the criminal acts charged.

{¶ 4} On November 30, 2022, the trial court held a Crim.R. 11 plea hearing at which Reynolds filed a plea of guilty. Specifically, Reynolds pled guilty to one count of a lesser-included offense of kidnapping, a violation of R.C. 2905.01 and a felony of the second degree; one count of murder with a three-year firearm specification, a violation of R.C. 2903.02 and an unclassified felony; one count of felonious assault with a three-year firearm specification and one count of felonious assault without a firearm specification, both violations of R.C. 2903.11 and felonies of the second degree; and one count of breaking and entering, a violation of R.C. 2911.13 and a felony of the fifth degree. In exchange for Reynolds' plea of guilty, the state requested and the trial court ordered the entry of a nolle prosequi for all remaining charges alleged in the indictment. The trial court held a sentencing hearing on November 30, 2022. On December 1, 2022, the court sentenced Reynolds to an aggregate term of 21 years to life in prison, with 769 days of jail-time credit.

## II. Post-Conviction Proceedings

{¶ 5} Reynolds did not file a timely notice of appeal from his conviction. Instead, on May 12, 2023, Reynolds filed a motion to vacate guilty plea and to reinstate not guilty plea in the trial court. This motion included an affidavit claiming Reynolds' counsel did not inform him of the "blackout defense." (Aff. in Support of Mot. to Vacate Guilty Plea at 1.)

On May 15, 2023, the state filed a memorandum opposing Reynolds' motion to withdraw guilty plea. On July 6, 2023, the trial court succinctly denied the motion. In full, the trial court's July 6, 2023 judgment entry reads as follows: "This cause is before the Court on [Reynolds'] Pro Se Motion To Vacate Guilty Plea and to Reinstate Not Guilty Plea filed on May 12, 2023. The Court has reviewed the motion and does not find it well-taken. Said motion is hereby **DENIED**." (Emphasis in original.)

{¶ 6} On September 19, 2023, Reynolds filed a notice of appeal. Although the notice of appeal filed by Reynolds purported to appeal from a judgment entry of conviction entered September 13, 2023, there was no such conviction judgment entry from that date. Instead, as noted above, Reynolds pled guilty on November 30, 2022, and the trial court sentenced him to prison on December 1, 2022.

{¶ 7} On September 20, 2023, Reynolds filed in this court a motion for leave to file delayed appeal, which we granted in a memorandum decision on April 15, 2024. Our memorandum decision indicates the appeal seeks review of the trial court's July 6, 2023 judgment entry denying Reynolds' motion to vacate guilty plea. The case is now ripe for review.

### III. Assignments of Error

{¶ 8} Reynolds assigns the following four errors for our review:

> [I.] Mr. Reynolds' guilty plea was not knowing and voluntary because, due to the educative failures of both his counsel and the trial court, he did not know that he was entitled to enter a plea of NGRI [Not Guilty By Reason of Insanity] and to present a defense of insanity at a jury trial.
>
> [II.] Mr. Reynolds received constitutionally ineffective assistance of counsel when defense counsel coerced him to enter a guilty plea under a wrongful belief that the absence of expert psychological testimony negated any opportunity to plead NGRI and to present an insanity defense at trial.
>
> [III.] The trial court abused its discretion in failing to grant a hearing upon Mr. Reynolds' motion to withdraw his guilty plea.
>
> [IV.] The trial court abused its discretion in denying Mr. Reynolds' motion to withdraw his guilty plea without conducting any legal analysis whatsoever, and in so doing,

wrongly failed to evaluate whether Mr. Reynolds' motion met
the manifest injustice standard articulated in Crim.R. 32.1.

## IV. Discussion

### A. First Assignment of Error

{¶ 9}   In his first assignment of error, Reynolds contends his guilty plea was not knowing and voluntary because both his trial counsel and the trial court failed to educate him that he was entitled to plead not guilty by reason of insanity.

{¶ 10} Typically, a defendant may file a motion to withdraw a plea of guilty "only before sentence is imposed." Crim.R. 32.1. However, a trial court "after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea" for the limited purpose of correcting manifest injustice. Crim.R. 32.1; *see State v. Hughes*, 2021-Ohio-4534, ¶ 6 (10th Dist.), citing *State v. Morris*, 2019-Ohio-3795, ¶ 11 (10th Dist.) ("[A] trial court may allow a post-sentence withdrawal of a guilty plea only to correct a manifest injustice."). The burden to establish the existence of a manifest injustice rests with the defendant seeking to withdraw a guilty plea after sentencing. *State v. Smith*, 49 Ohio St.2d 261, 264 (1977). "Manifest injustice" refers to fundamentally flawed trial court proceedings that resulted in a miscarriage of justice or were "inconsistent with the demands of due process." *State v. Hall*, 2003-Ohio-6939, ¶ 12 (10th Dist.). A trial court may grant a post-sentence motion to withdraw a plea only in extraordinary cases. *Id.*

{¶ 11} "The decision to grant or deny a motion to withdraw a guilty plea made under Crim.R. 32.1 rests within the sound discretion of the trial court, and we will not disturb that decision on appeal absent an abuse of discretion." *Hughes* at ¶ 7, citing *Morris* at ¶ 12. A trial court abuses its discretion if its decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} First, res judicata precludes Reynolds' allegation the trial court failed to comply with Crim.R. 11. This matter could have been raised on direct appeal, yet Reynolds raised it only in a post-sentence motion. Res judicata bars claims that could have been raised on direct appeal but were brought instead via a Crim.R. 32.1 post-sentence motion. *Hughes* at ¶ 9; *see Morris* at ¶ 13 ("[R]es judicata bars claims raised in a Crim.R. 32.1 postsentence motion to withdraw a guilty plea that were raised or could have been raised in a prior proceeding such as a direct appeal or a prior motion to withdraw a guilty plea.");

*State v. Taylor*, 2020-Ohio-4581, ¶ 12 (10th Dist.) ("This court has consistently applied res judicata to bar a defendant from raising issues in a post-sentence Crim.R. 32.1 motion that were or could have been raised on direct appeal."); *State v. Straley*, 2019-Ohio-5206, ¶ 23 ("Res judicata generally bars a defendant from raising claims in a Crim.R. 32.1 post-sentencing motion to withdraw a guilty plea that he raised or could have raised on direct appeal."). Res judicata thus forecloses Reynolds' assertion the trial court erred in accepting his guilty plea under Crim.R. 11.

{¶ 13} Second, even if res judicata did not apply, the trial court did not abuse its discretion because Reynolds failed to establish the trial court proceedings resulted in a manifest injustice. Although Reynolds attested he was not informed by counsel about what he referred to as "the blackout defense," by which he presumably meant a plea of not guilty by reason of insanity, the record shows otherwise. For example, Reynolds filed a motion for permission to enter a plea of not guilty by reason of insanity on January 27, 2022. It is difficult to believe Reynolds' proclaimed ignorance when he previously filed a request to enter that very plea. Furthermore, during the Crim.R. 11 plea colloquy, Reynolds agreed with the trial court that he had reviewed the indictment, discovery, and other legal documents with his counsel, and that his counsel answered all questions to Reynolds' satisfaction. Reynolds told the court he understood the nature of the charges against him and was satisfied with his counsel's representation. Reynolds verbally acknowledged his guilty plea would have the effect of waiving his right to a trial by jury. When the trial court asked if Reynolds was changing his plea knowingly and voluntarily, Reynolds initially responded, "No, ma'am." (Nov. 30, 2022 Tr. at 26.) Upon the trial court's clarification of this question, however, Reynolds then changed his answer and noted he was, in fact, changing his plea knowingly and voluntarily. In all, the Crim.R. 11 plea colloquy was unexceptional insofar as it complied with the requirements of Crim.R. 11(C)(2). There is no evidence in the record to support Reynolds' allegation that his trial counsel or the trial court failed to inform him of the potential to plead not guilty by reason of insanity and present such claims at trial. In fact, the opposite is true; the record contains evidence Reynolds knew of his ability to plead not guilty by reason of insanity and to proceed to trial. Reynolds thus failed to meet his burden of proving manifest injustice.

{¶ 14} We find the trial court did not abuse its discretion in denying Reynolds' post-sentence motion to withdraw guilty plea pursuant to Crim.R. 32.1. We accordingly overrule the first assignment of error.

**B. Second Assignment of Error**

{¶ 15} In his second assignment of error, Reynolds argues his trial counsel provided constitutionally ineffective assistance by coercing him to enter a guilty plea and incorrectly leading Reynolds to believe it was no longer possible to plead not guilty by reason of insanity.

{¶ 16} To succeed on a claim of ineffective assistance of counsel, Reynolds must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). First, he must demonstrate that trial counsel's performance was deficient. *Id*. at 687. Second, if Reynolds can show deficient performance, he must establish he was prejudiced by the deficient performance. *Id*. "In the context of a guilty plea, the appellant must show that, but for counsel's deficient performance, appellant would not have pleaded guilty." *State v. Davis*, 2014-Ohio-90, ¶ 21 (10th Dist.), citing *State v. Nero*, 56 Ohio St.3d 106 (1990).

{¶ 17} A defendant who pleads guilty retains "the right to claim on appeal that constitutionally ineffective assistance of counsel rendered the plea less than knowing and voluntary." *Id*. at ¶ 22, citing *State v. Woodhouse*, 2004-Ohio-6160, ¶ 17 (6th Dist.). The doctrine of res judicata bars a defendant from raising in postconviction proceedings a claim of ineffective assistance of counsel that could have been raised at trial or on direct appeal. *Id*. Res judicata in this context may be avoided only by presenting competent, relevant, and material evidence from outside the record that was unavailable at the time of trial. *State v. Braden*, 2003-Ohio-2949, ¶ 27 (10th Dist.); *see State v. Blanton*, 2022-Ohio-3985, ¶ 38 (Post-sentence claims of ineffective assistance not raised in a direct appeal may overcome the res judicata bar if the petitioner demonstrates "through evidence outside the trial record that their claim either was not or could not have been fairly adjudicated in a direct appeal.").

{¶ 18} Here, Reynolds' claim of ineffective assistance of counsel involves issues that could fairly and accurately be resolved by reference to the existing record of this case. *See State v. Murphy*, 2000 Ohio App. LEXIS 6129, *9 (10th Dist. Dec. 26, 2000). The affidavit attached to Reynolds' Crim.R. 32.1 motion levies allegations in broad strokes: he claimed his counsel did not inform him of the "blackout defense" and did not discuss trial or defense

strategies. These allegations do not cite evidence from outside the certified record of this case. Conversely, the record of the trial court proceedings indicates Reynolds' counsel initially considered advising Reynolds to plead not guilty by reason of insanity but reversed course after Dr. Haskins filed her written report. The record thus provides a full accounting of trial counsel's performance in the proceedings below, and Reynolds does not highlight any relevant evidence from outside the record. Reynolds could have raised his claim of ineffective assistance of counsel on direct appeal rather than in a Crim.R. 32.1 motion, and, as a result, res judicata prevents him from raising the claim now. Accordingly, we overrule the second assignment of error.

### C. Third Assignment of Error

{¶ 19} In his third assignment of error, Reynolds asserts the trial court abused its discretion in failing to hold a hearing on his motion to withdraw guilty plea.

{¶ 20} "A trial court is not automatically required to hold a hearing on a post-sentence motion to withdraw a guilty plea." *State v. Chandler*, 2013-Ohio-4671, ¶ 7 (10th Dist.), citing *State v. Spivakov*, 2013-Ohio-3343, ¶ 11 (10th Dist.). If the record reveals the movant is not entitled to relief, and if the movant fails to demonstrate a manifest injustice, a trial court is not required to hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea. *State v. Price*, 2024-Ohio-5823, ¶ 23 (10th Dist.), citing *State v. Miranda*, 2013-Ohio-5109, ¶ 21 (10th Dist.). A trial court retains wide discretion in determining the credibility of affidavits filed in support of Crim.R. 32.1 motions. *State v. Little*, 2022-Ohio-1295, ¶ 10. For this reason, we review a trial court's decision to forego holding a hearing on a post-sentence motion to withdraw guilty plea for an abuse of discretion. *Id.*; *see State v. Moncrief*, 2013-Ohio-4571, ¶ 12 (10th Dist.).

{¶ 21} The record in this case clearly established Reynolds was not entitled to withdraw his guilty plea after sentencing. As explained above, even if his claims were not precluded by res judicata, he failed to submit evidence sufficient to demonstrate the trial court proceedings resulted in a manifest injustice. For those reasons, the trial court properly denied an evidentiary hearing on Reynolds' motion to withdraw guilty plea and, accordingly, did not abuse its discretion. We overrule the third assignment of error.

### D. Fourth Assignment of Error

{¶ 22} In his fourth assignment of error, Reynolds claims the trial court abused its discretion in denying his motion to withdraw his guilty plea without legal analysis.

{¶ 23} In full, Crim.R. 32.1 reads as follows: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The trial court is the primary arbiter of the "good faith, credibility[,] and weight" of a defendant's motion seeking to withdraw a guilty plea after sentencing. *State v. Hemphill*, 1989 Ohio App. LEXIS 2951, *2 (10th Dist. July 27, 1989). "There is no requirement that the court make separate written findings and conclusions when ruling on a motion to withdraw a plea pursuant to Crim. R. 32.1." *Id*. at *3; *see State v. Neguse*, 2018-Ohio-1163, ¶ 27 (10th Dist.) ("Crim.R. 32.1 does not require a court to issue findings of fact and conclusions of law when ruling on a motion to withdraw a guilty plea."), *State v. Hobbs*, 2021-Ohio-852, ¶ 15 (8th Dist.), *State v. Mitchell*, 2020-Ohio-3726, ¶ 11 (8th Dist.), and *State v. Skipworth*, 2016-Ohio-3069, ¶ 15 (8th Dist.).

{¶ 24} There is thus no merit to Reynolds' assertion that he is entitled to written findings of fact and conclusions of law on his Crim.R. 32.1 motion. Accordingly, we overrule the fourth assignment of error.

## V. Conclusion

{¶ 25} Having overruled Reynolds' four assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

EDELSTEIN and DINGUS, JJ., concur.

_____